# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:14-cr-00154-LJO-SKO |
| Plaintiff-Respondent, | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT HIS SENTENCE PURSUANT TO 28 U.S.C. § 2255 |
| v. | |
| DIEGO JACOBY MORALES, | |
| Defendant-Petitioner. | (ECF No. 266) |

## I. INTRODUCTION

Petitioner Diego Jacoby Morales, a prisoner in federal custody at United States Penitentiary, Lompoc, brings this *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. For the reasons discussed below, Petitioner's motion is **DENIED**.

## II. BACKGROUND

On June 27, 2016, Petitioner pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute methamphetamine, cocaine, and heroin, in violation of 21 U.S.C. §§ 846 and 841(a)(1). During the change-of-plea hearing, Petitioner pleaded guilty to the violations and admitted to the specific quantities of controlled substances involved in them:

Q. I think I have your plea agreement here and your signature on the last page. Do you recognize that as your signature?

A. Yes, sir.

Q. That signature to me means you have had a chance to review this entire document with the help of your lawyer, of course, and that if you had questions, you asked him and

1

1  he answered to your satisfaction, and you have no more questions about the plea agreement.

2  Is that what that signature means to you?

3  A. Yes.

4  Q. When you went through this document, did you understand the elements of Count 1, which was the crime to which I believe you wish to plead?

5  

6  A. Yes, sir, I did.

7  Q. Did you understand the facts?

8  A. Yeah.

9  Q. And were they true?

10  A. Yes.

11  Q. Do you understand that with regard to sentencing, there is a statutory minimum of ten years' imprisonment; maximum of life; maximum fine of $10 million, or both the fine and imprisonment.

12  

13  With regard to supervised release, a minimum of five years, a maximum of life, and a penalty assessment, which is mandatory, of a hundred dollars.

14  

15  And lastly, that there are certain governmental benefits, some state, some federal, that you -- some will lose, some may lose as a result of the conviction.

16  Do you understand that?

17  A. I do, your Honor.

18  Q. And do you understand that you are waiving your right to appeal?

19  A. Yes.

20  [. . .]

21  Q. Do you have any questions at all about this plea agreement?

22  A. No, your Honor.

23  Q. If you wanted to continue to plead not guilty, we would make sure that this case went to trial in a timely fashion under the law. You would be there. Your lawyer would be there for you.

24  

25  The government would have the burden of proving the case against you. They would

attempt to meet the burden by bringing in witnesses and evidence.

You would watch those witnesses testify against you, and your lawyer would ask questions of those witnesses for you.

If you wanted to testify, you could. If you decided not to, nobody would use that against you.

You could bring in witnesses and evidence. We would help you get that here by the subpoena power of the Court, and your trial would be open to the public, just like today's hearing is.

Do you understand those trial rights?

A. I do, your Honor.

Q. Do you wish to give them up and plead guilty?

A. Yes.

[. . .]

Q. In the first superseding indictment, in Count 1, the Grand Jury charges you and others, beginning at a time unknown to the Grand Jury, but no later than on or about March 1, 2014, and continuing until July 29, 2014, in the County of Fresno, State and Eastern District of California, and elsewhere, you knowingly and intentionally conspired and agreed with each other, and with other persons known and unknown to the Grand Jury, to distribute and possess with the intent to distribute a mixture containing a detectible amount of methamphetamine, cocaine and heroin, all Schedule II controlled substances.

As to Count 1, how do you wish to plead?

A. Guilty, your Honor.

Q. It is further alleged that the amount of controlled substances involved in this offense in Count 1, was 500 grams and more of a mixture containing a detectible amount of methamphetamine; 50 grams or more of methamphetamine; 500 grams and more of a mixture containing a detectible amount of cocaine, and a hundred grams and more of a mixture containing a detectible amount of heroin.

As to that additional allegation as to Count 1, do you admit that or deny that?

A. I admit, your Honor.

Q. This is all in violation of Title 21 United States Code section 846 and 841(a)(1). To that, do you wish to admit and plead guilty?

A. Yes, your Honor, I do.

3

At the sentencing hearing on September 19, 2016, Petitioner was sentenced to 120 months in custody. ECF No. 178. On August 21, 2017, Petitioner moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. ECF No. 266. In that motion, Petitioner makes three arguments. First, he contends that he was not informed that the drug quantity must be proven beyond a reasonable doubt and that he did not "waive the right to have drug quantity proven." ECF No. 266 at 4. Second, he argues that the Court failed to require that he either admit the drug quantity involved or that it be proven beyond a reasonable doubt. *Id*. at 5. Finally, he believes that he "was improperly informed" that the statutory maximum for a violation of 21 U.S.C. 841 is a life sentence; he contends that it carries a maximum sentence of 20 years' imprisonment and that he was prejudiced as a result of the misinformation provided to him. *Id*. at 8.

### III. **STANDARD OF DECISION**

Section 2255 provides four grounds upon which a sentencing court may grant relief to a petitioning in-custody defendant:

> [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack.

28 U.S.C. § 2255(a). Generally, only a narrow range of claims fall within the scope of § 2255. *United States v. Wilcox*, 640 F.2d 970, 972 (9th Cir. 1981). To warrant relief, a movant must demonstrate the existence of an error of constitutional magnitude that had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). Relief is warranted only where a movant has shown "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974).

### IV. **ANALYSIS**

The Court first notes that Petitioner's motion, filed within a year of the judgment dated September 19, 2016, ECF No. 184, was timely filed. *See* 28 U.S.C. § 2255(f)(1) (setting forth a one-

4

year statute of limitation to begin running from the date on which the judgment of conviction is final). Petitioner first argues in his motion that the Court failed to inform him that the drug quantity must be in the indictment and proven beyond a reasonable doubt. He also argues that he did not "waive the right to have the drug quantity proven" and that the indictment does not state the drug quantity. ECF No. 266 at 4. These arguments fail. The drug quantity is in the indictment, and Petitioner agreed at his change-of-plea hearing to the quantities alleged in the indictment. *See* Indictment, ECF No. 60, at 2; June 27, 2016 Hr'g Tr. (verbatim recitation of Count 1 of the indictment). He was also informed at the hearing that if he did not plead guilty, the case would procced to trial, where the Government would bear the burden of proving the charges against him and would attempt to do so through the introduction of evidence that his lawyer would be permitted to contest, and that his lawyer would also be permitted to introduce evidence. Petitioner's signed plea agreement also specified the quantity of controlled substances at issue in the case. Petitioner was fully allocated on the drug quantity and the rights he was waiving by pleading guilty.

Petitioner next argues that the Court failed "to have the drug quantity findings admitted to by the defendant in entering the guilty plea, or otherwise proven beyond a reasonable doubt." ECF No. 266 at 5. He cites in support of his argument *United States v. Thomas*, 355 F.3d 1191 (9th Cir. 2004). The Ninth Circuit in *Thomas* determined that the defendant during the colloquy at his change of plea never admitted to possessing more than 50 grams of cocaine base, which the district court determined that he had implicitly admitted when it sentenced him. The Ninth Circuit held that "in assessing the scope of the facts established beyond a reasonable doubt by a guilty plea, we must look at what the defendant actually agreed to-that is, what was actually established beyond a reasonable doubt." *Id*. at 1199 (internal alteration omitted) (quoting *United States v. Banuelos*, 322 F.3d 700, 707 (9th Cir. 2003)). Because the defendant had not admitted to the quantity of drug involved, the district court erred in sentencing the defendant as if he had admitted to possessing 50 grams of cocaine. *Id*. at 1201. Here, by contrast, Petitioner admitted during his change of plea that specific quantities of controlled substances

were involved in the violation to which he was pleading guilty. Using that quantity—"what the defendant actually agreed to-that is, what was actually established beyond a reasonable doubt," *Thomas*, 355 F.3d at 1199—to determine the sentence was not done in error.

Finally, Petitioner claims that the Court misinformed him of the potential maximum sentence under 21 U.S.C. § 841(a)(1). He argues that this provision carries a maximum sentence of 20 years' imprisonment, not the life sentence that the Court informed him was the maximum possible sentence under the statute, and that he suffered prejudice as a result of being misinformed. Petitioner misreads the statute. At his change-of-plea hearing, Petitioner pleaded guilty to violating 21 U.S.C. §§ 846 and 841(a)(1) and admitted that the amount of controlled substances involved in the offense included (1) 500 grams or more of a mixture containing a detectible amount of methamphetamine, (2) 50 grams or more of methamphetamine, (3) 500 grams or more of a mixture containing a detectible amount of cocaine, and (4) 100 grams and more of a mixture containing a detectible amount of heroin. Section 841(b) provides that the penalties for a violation of § 841(a) involving "50 grams or more of methamphetamine . . . or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine" is "a term of imprisonment which may not be less than 10 years or more than life." 21 U.S.C. § 841(b)(1)(A)(viii). Petitioner was correctly informed that the penalties provided for under 21 U.S.C. § 841(a) include a maximum penalty of life in prison.

Accordingly, Petitioner has shown no "fundamental defect which inherently results in a complete miscarriage of justice," *Davis*, 417 U.S. at 346, and his petition is **DENIED**.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken from the denial of a § 2255 motion unless a certificate of appealability is issued. 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To obtain a certificate of appealability, Petitioner "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are

adequate to deserve encouragement to proceed further." *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (internal quotation marks and citations omitted).

Because Petitioner has failed to make a showing that he was denied a constitutional right, the Court **DECLINES** to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2). *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

### VI. CONCLUSION AND ORDER

Accordingly, **IT IS HEREBY ORDERED** that Petitioner Diego Jacoby Morales's Motion to Vacate, Set Aside, or Correct Sentence pursuant to § 2255, ECF No. 266, is **DENIED**. The Court **DECLINES** to issue Petitioner a certificate of appealability for this motion.

IT IS SO ORDERED.

Dated: **April 26, 2018**       /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE