# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff**<br><br>v.<br><br>DIEGO JACOBY MORALES,<br><br>**Defendant** | CASE NO. 1:14-CR-0154 AWI-5<br><br>**ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE FOLLOWING ADDITIONAL BRIEFING/RECONSIDERATION**<br><br>(Doc. No. 287) |

On August 28, 2020, Defendant Diego Morales filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) through counsel. See Doc. No. 287. Defendant is currently housed at the USP Lompoc federal prison. Based on his age, medical conditions, the conditions of confinement at USP Lompoc, and the Covid 19 pandemic, Defendant seeks compassionate release and either a new sentence of time served or home detention for the remainder of his sentence. See id. All briefing has been received from the parties.[1] For the reasons that follow, the Court will deny Defendant's motion.

*Background*

On June 27, 2016, Defendant pled guilty to one violation of 18 U.S.C. §§ 841(a)(1) and 846, conspiracy to distribute and possess with the intent to distribute methamphetamine, cocaine, and heroin. See Doc. No. 157.

On September 19, 2016, Defendant was sentenced to a term of 120 months imprisonment and 60 months supervised release. See Doc. No. 184.

---

[1] On October 14, 2020, this case was reassigned to the undersigned for the limited purpose of resolving this § 3582 motion. See Doc. No. 302.

On May 5, 2020, Defendant tested positive for Covid 19.

Defendant continued to experienced symptoms for several weeks thereafter, but a retest on July 9, 2020 returned negative for Covid 19.

On June 23, 2020, the warden of Lompoc received Defendant's request for compassionate release based on the Covid 19 outbreak. The warden of Lompoc denied the request on July 24, 2020.

*Defendant's Argument*

Defendant argues that his chronic medical conditions, the unmitigated spread of Covid 19 at Lompoc, and the lack of adequate medical care constitute extraordinary and compelling reasons to grant relief. Defendant argues that he is 41 years old, has an extensive history of drug use (began smoking marijuana and taking heroin at age 14), has moderate to severe asthma, as well as related conditions of acute respiratory infection, chronic rhinitis, and cough. Further, Defendant has contracted Covid 19. There is a growing body of evidence that individuals who have contracted and recovered from Covid 19 can be re-infected and suffer further illness. Defendant argues that he continues to have difficulty breathing, shortness of breath, chest pain and pressure, dizziness, and congestion.[2] Defendant argues that there is no guarantee that he has Covid 19 antibodies or that the antibodies will provide him immunity. Defendant also argues that he is living with hundreds of other prisoners who have also had Covid 19, and that Lompoc is not equipped to provide appropriate care. Lompoc was a hotspot for Covid 19 and has had nearly 800 inmates test positive. BOP cannot control Covid 19 within Lompoc, particularly where the inmates are housed in an open dorm with 3 feet between beds, and share sinks, toilets, shows, and common spaces. These consideration are sufficient to demonstrate "extraordinary and compelling reasons" or "other reasons" under Sentencing Guideline 1B1.13(1)(A). Defendant also argues that he is not a danger to the community and that the relevant sentencing factors of 18 U.S.C. § 3553 weigh in his favor.

---

[2] The Court notes that these symptoms would seem to be consistent (at least from a lay perspective) with asthma and the asthma associated conditions that he has identified. There appears to be no evidence that links these symptoms to a residual effect from Covid 19.

2

*Government's Opposition*

The United States argues that Defendant has not demonstrated that extraordinary circumstances justify relief. Defendant already had Covid 19, suffered only mild symptoms, and was frequently monitored. Although Defendant has asthma, his medical records do not indicate that it is "moderate to severe," which is the only category of asthma that "might" lead to an increased risk of severe illness from Covid 19. Since Defendant has served only 52% of his sentence, he has not demonstrated that his conditions warranted a 48% sentence reduction. Additionally, the United States argues that Defendant is a continuing danger to the community and that the relevant § 3553 factors do not weigh in his favor.

*Legal Standard*

Criminal defendants are empowered to request compassionate release for "extraordinary and compelling reasons." United States v. Alam, 960 F.3d 831, 832 (6th Cir. 2020); United States v. Raia, 954 F.3d 594, 595 (3d Cir. 2020). Specifically, in relevant part, 18 U.S.C. § 3582 provides:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction;

18 U.S.C. § 3582(c)(1)(A)(i). Before a defendant makes a request for compassionate release due to "extraordinary and compelling circumstances," defendants must at least ask the [BOP] to do so on their behalf and give BOP thirty days to respond." Raia, 954 F.3d at 595; see also Alam, 960 F.3d at 833-34. Further, in addition to demonstrating "extraordinary and compelling circumstances," a prisoner must also show that he is no longer a danger to a specific person or the community. See United States v. Jones, 2020 U.S. Dist. LEXIS 144010, *8-*9 (N.D. Cal. Aug.

3

10, 2020); United States v. Dailey, 2020 U.S. Dist. LEXIS 139977, *3-*4 (E.D. Cal. Aug. 5, 2020); United States v. Pickard, 2020 U.S. Dist. LEXIS 130578, *15 (E.D. Cal. July 22, 2020).

*Discussion*

Initially, the Court finds that Defendant has exhausted his administrative remedies. The evidence before the Court shows that Defendant received a response from the warden of Lompoc more than 30 days after the warden received Defendant's request for compassionate release. Under these circumstances, § 3582(c)(1)(A)'s "limited futility exception" applies. See United States v. Gonzalez, 2020 U.S. Dist. LEXIS 196912, *5 (E.D. Cal. Oct. 22, 2020).

Apart from exhaustion, Defendant relies on three health conditions to show that he is at risk of serious illness or death from Covid 19 and that this risk is an extraordinary and compelling reason that justifies compassionate release.

First, Defendant argues that he has "moderate to severe asthma," as well as associated conditions. Defendant's medical records appear to indicate that he has moderate to severe asthma. See Defendant's Ex. G at p.2. However, the CDC does not find that such individuals *are* at risk for severe illness or death from Covid 19. Rather, the CDC states that people with moderate to severe asthma "*may be* at a higher risk of getting very sick from Covid 19."[3]

Second, Defendant relies on the fact that he has had Covid 19 and recently still had Covid 19 symptoms. However, it does not appear that Defendant has ever been hospitalized for Covid 19 or related symptoms, he has since tested negative for Covid 19, and, although he states that he was still experiencing Covid 19 symptoms, he does not classify those symptoms as severe and he does not explain why (or cite to evidence that shows) the lingering symptoms are actually related to Covid 19.[4] In fact, the United States indicates that he suffered only mild symptoms and that he was frequently monitored. The last medical record for Defendant, dated August 4, 2020, indicates that while Defendant had subjective complaints regarding Covid 19, he was assessed as having no abnormal findings. See Defendant's Ex. I. Further, while reinfection appears to be possible, the

---

[3] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/asthma.html

[4] The Court notes that this motion was filed two months ago on August 28, 2020. No further filings have been made and it is unknown whether Defendant continues to suffer any symptoms that have been found to be related to his diagnosed Covid 19 infection.

information regarding reinfection appears to be limited and uncertain, despite the millions of confirmed Covid 19 cases and millions of recoveries that have occurred worldwide.[5]  Courts often find that the risk of a second infection does not constitute sufficiently compelling grounds to justify compassionate release.  E.g. United States v. Kapeli, 2020 U.S. Dist. LEXIS 174971, *8 (D. Haw. Sept. 23, 2020); United States v. Risley, 2020 U.S. Dist. LEXIS 148078, *16 (E.D. Cal. Aug. 17, 2020); United States v. Billings, 2020 U.S. Dist. LEXIS 145819, *10 (D. Col. Aug. 13, 2020) (and cases cited therein); United States v. Antillon, 2020 U.S. Dist. LEXIS 146253, *5 (D. Utah Aug. 13, 2020); United States v. Poole, 2020 U.S. Dist. LEXIS 144803, *8-*9 (D. S.D. Aug. 12, 2020); Baker, 2020 U.S. Dist. LEXIS 142340 at*12-*13 (and cases cited therein); United States v. Bowen, 2020 U.S. Dist. LEXIS 144071, *14 (E.D. Cal. Aug. 10, 2020); United States v. Gonzalez, 2020 U.S. Dist. LEXIS 141676, *7-*8 (C.D. Cal. Aug. 6, 2020) (and cases cited therein); United States v. Molley, 2020 U.S. Dist. LEXIS 114713, *6-*8 (W.D. Wash. June 29, 2020).  Given the above, the Court cannot hold that Defendant is either at a significant risk for a second Covid 19 infection or that his past infection would make him more susceptible to serious illness from a second Covid 19 infection.

Third, Defendant emphasizes that he has an extensive history of illegal drug use. However, the CDC states that "the risk of severe illness from Covid 19 for people who use drugs or have substance use disorder is not known[.]"[6]  With particular regard to smoking marijuana, one court has recently noted that current CDC guidance does not identify a history of smoking marijuana as a significant risk factor for severe illness.  See United States v. Bautista, 2020 U.S. Dist. LEXIS 193155, *8 & n.7 (S.D. N.Y. Oct. 19, 2020).  Thus, the Court cannot find that Defendant's past drug use makes him abnormally susceptible to severe illness from Covid 19.

Additionally, the Court notes that Defendant is currently housed at USP Lompoc.  USP

---

[5] E.g. www.huck.psu.edu/institutes-and-centers/center-for-infectious-disease-dynamics/covid-19-faq-askcidd; www.cdc.gov/coronavirus/2019-ncov/if-you-are-sick/end-home-isolation.html#:~:text=There%20are%20no%20confirmed%20reports,additional%20research%20is%20ongoing; www.today.com/health/covid-19-reinfection-can-you-get-coronavirus-twice-what-does-t190764; https://www.forbes.com/sites/coronavirusfrontlines/2020/09/22/can-you-get-a-covid-19-infection-twice-an-infectious-disease-doctor-discusses-new-evidence/#55fcfd17b09e.

[6] www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/other-at-risk-populations/people-who-use-drugs/QA.html

1  Lompoc has four staff members and no inmates who are currently testing positive for Covid 19.
2  See https://www.bop.gov/coronavirus/.  Thus, while there are Covid 19 cases associated with USP
3  Lompoc, those cases are few in number and have not spread to the inmate population.  To be sure,
4  at one point the Lompoc federal prison was the hotspot for Covid 19 infections in the country.
5  However, that is not the current condition at Lompoc, and that prison is no longer dealing with a
6  widespread Covid 19 outbreak.  Courts within this district have found that, despite the past failure
7  to contain Covid 19 among its inmate population, the Lompoc prison has implemented sufficient
8  protocols such that it is now able to adequately respond, monitor, and care for its inmates.  See
9  Poole, 2020 U.S. Dist. LEXIS 144803 at *8; Bowen, 2020 U.S. Dist. LEXIS 144071 at *14-*15
10 (citing United States v. Eddings, 2020 WL 2615029, *2 (E.D. Cal. May 22, 2020) and United
11 States v. Purry, 2020 U.S. Dist. LEXIS 92857 (D. Nev. May 28, 2020)).  At this time, the Lompoc
12 officials appear to be containing and managing the situation appropriately.

13      In sum, Defendant has demonstrated that he might be at an increased risk of severe illness
14 from Covid 19 due to asthma and that he is currently in an institution with a small number of
15 Covid 19 cases that do not include any inmates.  Further, Defendant has already recovered from
16 Covid 19 after experiencing what appears to be non-severe symptoms.  Under these
17 circumstances, the Court finds that Defendant has failed to demonstrate extraordinary and
18 compelling reasons that justify granting his motion for compassionate release.  Therefore, relief
19 under § 3582(c)(1)(A) is not appropriate.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Defendant's motion for compassionate release (Doc. No. 287) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   October 28, 2020                          _____
                                                    SENIOR DISTRICT JUDGE