UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>DIEGO JACOBY MORALES,<br><br>  Defendant. | CASE NO. 1:14-CR-00154-AWI-SKO-5<br><br>ORDER DENYING MOTION FOR COMPASSIONATE RELEASE<br><br>(Doc. No. 314) |

Defendant Diego Jacoby Morales brings a second motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Doc. No. 314. For the reasons set forth below, the Court will deny the motion.

**BACKGROUND**

On June 27, 2016, Defendant pled guilty to one violation of 18 U.S.C. §§ 841(a)(1) and 846, conspiracy to distribute and possession with intent to distribute methamphetamine, cocaine, and heroin. See Doc. No. 157. On September 19, 2016, Defendant was sentenced to a term of 120 months imprisonment and 60 months supervised release. See Doc. No. 184.

On May 5, 2020, while housed at Federal Correctional Complex, Lompoc ("Lompoc"), Defendant tested positive for COVID-19. Doc. No. 287 at 9:11-12.[1] Defendant continued to experience symptoms for several weeks thereafter, but a retest on July 9, 2020 was negative. Id. at 9:13-16. On June 23, 2020, the Lompoc warden received Defendant's request for compassionate release based on COVID-19. Id. at 9:17-20. The warden denied the request on July 24, 2020. Id.

On August 28, 2020, Defendant filed a motion for compassionate release under §

---

[1] Unless otherwise indicated, page number citations are to the page numbers in the CM/ECF stamp at the top of each page of documents filed with the Court electronically.

3582(c)(1)(A)(i) on the grounds of risks relating to COVID-19. Doc. No. 287. At the time Defendant brought the motion, his projected release date was January 18, 2023, with application of Good Time Credit. Doc. No. 299 at 2:22-23.

The Court denied the motion on October 28, 2020, finding that Defendant failed to show elevated risk of serious illness due to COVID-19 based on his asthma, his prior COVID-19 infection, or his history of illegal drug use. Doc. No. 303. Further, the Court found that conditions at Lompoc did not merit early release because, at the time of the order, COVID-19 cases were few in number and had not spread to the inmate population. Id.

In the instant motion, Defendant, who is now incarcerated at Federal Correctional Institution, Herlong ("FCI Herlong"), seeks early release on the grounds of COVID-19 risk due to "his severe asthma, kidney problems, and heart problems" and COVID-19 infection among other inmates. Doc. No. 314 at 1.

## **LEGAL FRAMEWORK**

Under 18 U.S.C. § 3582, criminal defendants are permitted to request compassionate release for "extraordinary and compelling reasons." United States v. Aruda, 993 F.3d 797, 799 (9th Cir. 2021). Specifically, § 3582 provides that:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> ....
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i). Congress has delegated to the United States Sentencing Commission

2

("Sentencing Commission") the responsibility to define what constitutes "extraordinary and compelling reasons" for sentence modification under the § 3582(c). 28 U.S.C. § 994(t). The Sentencing Commission has issued a policy statement that details situations in which the defendant's health, age, or family circumstances constitute an extraordinary and compelling reason for early release under § 3582(c)(1)(A)(i). U.S.S.G. § 1B1.13. For present purposes, this policy statement is persuasive but not binding authority, which means the Court may find other grounds for early release beyond those set forth in the policy statement. Aruda, 993 F.3d at 801.

Before a defendant brings a motion for compassionate release in district court, the defendant must "ask the Bureau of Prisons (BOP) to do so on their behalf and give BOP thirty days to respond." United States v. Raia, 954 F.3d 594, 595 (3d Cir. 2020); see also United States v. Rodriguez, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019) ("A defendant who has not 'requested compassionate release from the [BOP] or otherwise exhausted his administrative remedies' is not entitled to a reduction of his term of imprisonment." (quoted source omitted)). "The defendant bears the initial burden to put forward evidence that establishes an entitlement to a sentence reduction," United States v. Greenhut, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing United States v. Sprague, 135 F.3d 1301, 1306-07 (9th Cir. 1998)); see also United States v. Recinos, 2020 WL 4194080, at *3 (E.D. Cal. July 21, 2020), and to show that the exhaustion requirement in § 3582(c)(1)(A) has been satisfied. See United States v. Addison, 2020 WL 4601637, at *2 (E.D. La. Aug. 11, 2020) (and cases cited therein); see also United States v. Miranda, 2021 WL 826259, at *3 (E.D. Cal. Mar. 4, 2021) (Ishii, J.).

**DISCUSSION**

The Court will deny Defendant's motion for two reasons.

First, Defendant makes no attempt to show that he exhausted (or even sought) administrative remedies prior to bringing a motion in district court, as required under § 3582(c)(1)(A). See United States v. Sheldon, 2021 WL 276691, at *1 n.2 (D. Idaho Jan. 27, 2021). The Court found that Defendant had exhausted administrative remedies prior to bringing his August 28, 2020 motion for compassionate release, Doc. No. 303 at 4:4-6, but he was required to do so again before bringing a second motion predicated on conditions at a different facility and medical

3

1 conditions (including "kidney problems" and "heart problems") that were not raised in his first
2 motion. See United States v. Keller, 2 F.4th 1278, 1283 (9th Cir. 2021) (finding that a "July 2020
3 request served as the predicate for [defendant's] first motion in the district court, which was denied
4 in September 2020, and could not have initiated the administrative process for his January 2021
5 motion, which was itself premised on [a] claim of changed circumstances"); United States v. Diaz,
6 2021 WL 5566786, at *5 (E.D. Cal. Nov. 29, 2021) (applying *Keller*).

7     Second, Defendant fails to show that his asthma, his other alleged medical conditions, or
8 conditions at FCI Herlong constitute "extraordinary and compelling" reasons for release. The Court
9 found on October 28, 2020 that Defendant's asthma and prior COVID-19 infection did not merit
10 early release, Doc. No. 303, and Defendant has set forth no evidence, allegations or argument
11 pointing to (or even allowing for) a different conclusion on this motion. Similarly, Defendant
12 provides no evidence to support his new claims that he suffers from "kidney problems" and "heart
13 problems," and even assuming Defendant does suffer from such conditions in some form, there is
14 nothing in Defendant's motion explaining the conditions or showing that they amplify his COVID-
15 19 risk to the point that compassionate release is justified—particularly since Defendant has already
16 contracted COVID-19 at least once without experiencing severe symptoms. See United States v.
17 Zahn, 2020 WL 3035795, at *2 (N.D. Cal. June 6, 2020) (finding that prior recovery from COVID-
18 19 "without serious complications" was "enough to find" that early release under § 3582(c)(1)(A)(i)
19 was not warranted based on risk of future infection, despite significant comorbidities).

20     One difference between this motion and Defendant's prior motion for compassionate release
21 is that there appear to be more cases of COVID-19 at FCI Herlong (eight inmate cases and eight
22 staff member cases, see Federal Bureau of Prisons, COVID-19 Cases, available at:
23 https://www.bop.gov/coronavirus/ (last checked Feb. 22, 2022)) as of the date of this order than
24 there were at Lompoc (zero inmate cases and four staff cases, see Doc. No. 303 at 5:23-6:2) at the
25 time Defendant's prior motion was decided. The Court notes, however, that the inmate population
26 at FCI Herlong is 1,287, see Federal Bureau of Prisons, FCI Herlong, available at:
27 https://www.bop.gov/locations/institutions/her/index.jsp (last checked Feb. 22, 2022), indicating
28 approximately one case per 160 inmates. Defendant makes no attempt to show that FCI Herlong is

1  unequipped to manage such an infection rate, particularly given the monitoring, sanitation,
2  quarantine, and treatment protocols that the BOP began implementing at its facilities after
3  Defendant's last motion was decided. See Doc. No. 299 at 3:18-21.

4     In sum, Defendant has shown no more than a fear of contracting COVID-19, with no
5  showing that he has either an elevated risk of infection or an elevated risk of serious illness. Fear of
6  COVID-19 alone does not constitute an extraordinary and compelling reason for early release under
7  § 3582(c)(1)(A), see United States v. Thompson, 984 F.3d 431, 434–35 (5th Cir. 2021) ("Fear of
8  COVID doesn't automatically entitle a prisoner to release."), and the motion will therefore be
9  denied. See United States v. Eberhart, 448 F. Supp. 3d 1086, 1089–90 (N.D. Cal. 2020) (finding
10 defendant failed "to show that concerns about the spread of COVID-19, without other factors to
11 consider in his particular case, present extraordinary and compelling reasons that warrant
12 modification of his sentence and immediate release from custody pursuant to § 3582(c)(1)(A)").

**ORDER**

14    Accordingly, IT IS HEREBY ORDERED that Defendant Diego Jacoby Morales's second
15 motion for compassionate release (Doc. No. 314) is DENIED.

IT IS SO ORDERED.

Dated:   February 24, 2022                     _____
                                                SENIOR DISTRICT JUDGE